ROWLAND v. ROWLAND, et al.

Where the husband died under the Rev. Stat., and the widow gave birth to a posthumous son after the Code took effect; held that the widow is entitled to dower under the Rev. Stat., and also on the death of the son, may inherit one-third of his estate in fee.

*Appeal from Van Buren District Court.*

*Opinion by* GREENE, J. This was an agreed case submitted to the district court. We learn from the agreement these facts. In September, 1850, James B. Rowland was married to Jane McMannus. In February following, the husband died, and in July, 1851, Jane had a child.— When four or five months old the child died. The deceased, James B. Rowland, left some real estate in fee, to be divided among his surviving heirs, consisting of his widow, his brother Samuel P. Rowland and his sister Mrs. Jonathan Downs. The only question is, what portion of this estate should be set apart to the widow. The court below directed that the widow was only entitled to her dower in the land for life, and that the entire remaining interest in the land should be inherited by S. P. Rowland and Jonathan Downs and wife.

Jane Rowland appeals and claims that she is entitled to more than her dower in the land. At the time of her husband's death the Rev. Stat. was in force, and thereby she acquired a dower estate for life. When the posthumous son was born, he inherited the entire estate in fee, subject only to his mother's dower.

The son died after the Code took effect, and his estate must be disposed of accordingly. The Code provides § 1410. "If the intestate leave no wife, nor issue, the whole estate shall go to his father." § 1411; "If his father be previously dead, the portion which would have fallen to his share by the above rule, shall be disposed of in the

same manner as though he had outlived the intestate, and died in the possession and ownership of the portion thus falling to his share."

According to this rule, if the father had been living, the entire estate of this intestate son, would have gone to him, but as the father had previously died, the son's estate is to be disposed of the same way as though the father had acquired the property and died, seized of it after the Code took effect. The mother then was entitled to one-third of the son's estate in fee, upon the principle that she would have been entitled to that interest from her husband if he had inherited the son's estate and died under the Code.— Under the circumstances and law of this case, the widow must inherit one-third of the son's estate. We conclude, therefore, that the appellant, is not only entitled to her dower estate under the Rev. Stat. but that she is also entitled to one-third of the remaining estate in fee. The balance will be inherited by the appellees and be apportioned by the commissioners.

<em>Judgment reversed.</em>

*A. Hall*, for appellant.

*Wright* and *Caldwell*, for appellees.